IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES MIDDLETON,  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>FLAGSHIP INTEGRATION  )<br>SERVICES, Inc., an Illinois Corporation, )<br>in its own capacity and as Administrator )<br>of the FLAGSHIP INTEGRATION  )<br>SERVICES INC. 401(K) PLAN, KIM  )<br>FLAGSTAD, individually and as  )<br>Trustee of the FLAGSHIP  )<br>INTEGRATION SERVICES INC.  )<br>401(K) PLAN, and MICHAEL  )<br>CALUMET,  )<br>  )<br>      Defendants.  ) | Case No. 08 CV 3579<br><br>Judge St. Eve |

## AMENDED COMPLAINT

Plaintiff Charles Middleton, by his attorneys Favaro & Gorman, Ltd., complains of defendants Flagship Integration Services, Inc. ("Flagship"), the Flagship Integration Services Inc. 401(k) Plan (the "Plan"), Kim Flagstad ("Flagstad"), and Michael Calumet ("Calumet"), for breach of fiduciary duty under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, for breach of contract, violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, and the Attorneys Fees In Wage Actions Act, 705 ILCS 225/1, for failing to deposit into Middleton's 401(k) retirement plan money deducted from his pay, and for failure to pay wages and other compensation arising from his Middleton's employment by Flagship.

**Parties**

1. Plaintiff Middleton is an individual residing in Palatine, Cook County, Illinois. He was employed by defendant Flagship and its corporate predecessor from April 2003 to June 2007, most recently as a Senior Network Engineer, performing computer consulting services for business clients of Flagship in Cook County, Illinois.

2. Defendant Flagship is an Illinois corporation, headquartered in Rolling Meadows, Cook County, Illinois. Flagship performs computer consulting services in Cook County, Illinois.

3. Defendant Plan is a qualified 401(k) retirement plan maintained for employees of Flagship.

4. Defendant Flagstad is president of Flagship, trustee of the Plan, and on information and belief, has final authority to authorize or deny the payment of wages, reimbursement of expenses, and deposit of 401(k) contributions into participant's accounts. Flagstad is a resident of Deer Park, Illinois.

5. Defendant Michael Calumet is the chief financial officer of Flagship, and is in charge of decisions regarding payment of wages, bonuses, employee benefits and expense reimbursements. Calumet is a resident of Chicago, Illinois.

**Jurisdiction And Venue**

6. This Court has jurisdiction pursuant to ERISA, 29 U.S.C. §§ 1001, *et seq.*, and 29 U.S.C. §1132(e)(1); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1367(a), (supplemental jurisdiction).

7. Venue is appropriate in this district pursuant to ERISA Section 502, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. 1391(b)(1), (2).

**Middleton's Employment By Flagship**

8. Middleton was hired in April, 2003 by RMI Network Services, Inc., the corporate predecessor to Flagship. RMI, an Illinois corporation, was dissolved in 2004, and Middleton continued his employment with Flagship.

9. Middleton's compensation package with Flagship afforded him a salary of $96,000 per year, the opportunity for a bonus, and participation in a 401(k) plan.

10. The bonus program provided that if Middleton achieved quarterly goals based on annualized production of $300,000, he would receive a prorated bonus based on three percent of his annual salary. If he reached his quarterly goals based on annualized production of $360,000, his prorated bonus would be based on eight percent of his salary.

11. The bonus program also provided for a bonus pool based on two percent of quarterly revenues, to be divided based on a percentage of billings to specific projects. To participate in the pooled bonus, project teams were required to complete their assignments within ten percent of the budgeted hours for such projects.

12. Middleton satisfied the requirements for the eight percent bonus for the third and fourth quarters of 2006, as well as for participation in the bonus pool.

13. Middleton's employment often required him to incur expenses on behalf of Flagship, for which Flagship promised to reimburse him.

14. Flagship experienced business problems in late 2006 and early 2007, resulting in Middleton cooperating with Flagship's request to temporarily defer some of his compensation for a period of time. In consideration for his agreement to defer some compensation, Flagship promised in writing to reimburse him for the interest expense he incurred for a home equity loan he was required to take in order to meet his obligations.

15. On or about May 1, 2007, Flagship issued a check to Middleton as partial payment of compensation owed to him. When Middleton attempted to deposit the check, he learned from his banker that Flagship had put a stop payment on it.

16. Because he was not being paid, Middleton was forced to leave Flagship, and to find another job.

### Count 1 – ERISA Breach of Fiduciary Duty
### Against Flagship, The Plan and Flagstad

17. Paragraphs 1 through 16 are incorporated by reference.

18. The Plan permits a participating employee to elect to defer a percentage of his compensation in the form of payroll deductions, which are then to be contributed into the Plan by the Plan Administrator, which is Flagship.

19. Flagship, in its capacity as Plan Administrator, is responsible for the day to day administration of the Plan.

20. All money that is contributed to the Plan is held in a trust fund. The Plan Trustee, Flagstad, is responsible for the safekeeping of the trust fund, which is the funding medium for plan benefits.

21. Flagship deducted sums totaling $5,720.50 from Middleton's paychecks, representing contributions to his 401(k) account. The terms of the 401(k) plan requires Flagship to deposit such deductions into a trust account for the benefit of Middleton. However, Flagship never made the contributions to Middleton's account.

22. Middleton, by his attorneys, made a written demand to Flagship to make Middleton's contribution, as required by the Plan. Flagship did not respond to Middleton's demand.

23. Flagship as administrator, and Flagstad as trustee, are fiduciaries of the Plan.

24. Flagship's failure to contribute the money deducted from Middleton's pay violated Flagship's fiduciary duty to discharge its duties in accordance with the documents and instruments governing the Plan. 29 U.S.C. §1104(a)(1)(D).

25. As president of Flagship and Trustee of the Plan, Flagstad's refusal to direct Flagship to direct Middleton's contribution to his account violates Flagstad's duty to discharge her duties in accordance with the documents and instruments governing the Plan. 29 U.S.C. §1104(a)(1)(D).

26. The refusal of Flagship and Flagstad to cause the money deducted from Middleton's paycheck to be directed into his 401(k) account, in the face of Middleton's written demand, was in bad faith.

27. Any person who breaches a fiduciary duty to a plan under ERISA is personally liable to make good any loss to the plan resulting from the breach. 29 U.S.C. § 1109(a).

28. As a result of the breach of fiduciary duty by Flagship and Flagstad, Middleton has suffered the loss of the amount of the deduction from his paycheck, plus the loss of any increase of the value of the money which he might have realized had the money been invested as Middleton had directed.

WHEREFORE, plaintiff Middleton requests that the Court enter judgment in his favor and against defendants Flagship Integration Systems, Inc., the Flagship Integration Service, Inc. 401(k) Plan, and Kim Flagstad, and enter an order:

A. Declaring that Flagship and Flagstad breached their fiduciary duties under ERISA;

B. Directing Flagship and Flagstad to direct Middleton's contribution to his 401(k) account;

C. Requiring Flagship and Flagstad to personally contribute to the Plan such money as would have been earned on Middleton's investment, and to cause such contribution to be credited to Middleton's 401(k) account;

D. Causing such further relief as the Court deems appropriate, including but not limited to the removal of Flagship and Flagstad as fiduciaries of the Plan; and

E. Awarding Middleton a reasonable attorney's fee and the costs of this action.

### Count 2 – Breach of Contract
### Against Flagship

29. Paragraphs 1 through 16 are incorporated by reference.

30. Middleton's compensation package, Flagship's bonus program, Flagship's promise to reimburse Middleton's home equity loan expense, and Flagship's business expense reimbursement policy formed a contract between Flagship and Middleton.

31. Flagship has failed to pay Middleton compensation owed to him in the form of salary and bonus in the following amounts:

a. Salary    $25,260.00;

b. Bonus     7,405.72.

32. Additionally, Flagship failed to reimburse Middleton for his home equity loan interest expense and expenses incurred on behalf of Flagship in the following amounts:

    a.    Interest    $818.19;

    b.    Expenses    575.20.

33. Middleton performed all conditions and requirements of his employment for which he earned the compensation and reimbursement claimed in this action.

34. As the direct result of Flagship's failure to pay Middleton his earned salary and bonus and to reimburse him for his home equity loan interest and company expenses, Middleton has suffered losses in the amount of $34,059.91.

35. The Illinois Interest Act, 815 ILCS 205/0.01, provides for the accrual of five percent interest per year for the forbearance of funds.

WHEREFORE, plaintiff Charles Middleton requests that the Court enter judgment in his favor and against defendant Flagship Integration Services, Inc., and enter an order awarding him:

    a.    Damages in the amount of $34,059.91;

    b.    Statutory interest at five percent per annum since May 1, 2007;

    c.    The costs of this action; and

    d.    Such other relief as the Court finds appropriate.

### Count 3 – Violation of the Wage Act
### Against Defendants Flagship, Flagstad and Calumet

36. Paragraphs 29 through 35 are incorporated by reference.

37. Flagship, Flagstad and Calumet each qualify as Middleton's "employer" as that term is defined in the Wage Act, 820 ILCS 115/2.

38. Flagship normally paid Middleton and its other engineers twice a month.

39. Section 4 of the Illinois Wage Payment and Collection Act requires an employee who is paid semimonthly to be paid all wages owed within thirteen days of the end of the pay period in which such wages are earned. 820 ICLS 115/4.

40. Section 5 of the Wage Act requires employers to pay final compensation in full to a separated employee as soon as possible after the employee's last day, but no later than the next scheduled payday.

41. Wages include all compensation owed to an employee pursuant to an agreement with an employer. Final compensation to a separated employee includes all compensation, including wages, salary, bonus, commission and any other compensation earned pursuant to an agreement with an employer.

42. Flagship's failure to pay Middleton's wages, consisting of $25,260.00 in salary and a $7,405.72 bonus, violated Section 5 of the Wage Act.

43. As a direct result of Flagship's violation of the Wage Act, Middleton has suffered the loss of wages in the amount of $32,665.72.

WHEREFORE, plaintiff Charles Middleton seeks judgment in his favor and against defendants Flagship Integration Services, Inc., Kim Flagstad and Michael Calumet, awarding him:

    a.    Damages in the amount of $32,665.72;

    b.    Statutory interest of five percent per annum since May 1, 2007;

    c.    The costs of this action; and

    d.    Such other relief as the Court finds appropriate.

### Count 4 – Attorneys Fees In Wage Actions Act
### Against Flagship, Flagstad and Calumet

44.　Paragraphs 36 through 43 are incorporated by reference.

45.　The Attorneys Fees In Wage Actions Act provides for the recovery of a plaintiff employee's attorney's fees in a wage action, if the plaintiff properly makes a written demand and ultimately obtains judgment at least in the amount of the demand. 705 ILCS 225/0.01 *et seq.*

46.　Middleton made a written demand to Flagship on October 18, 2007. A copy of the demand letter is attached as Exhibit A to this Complaint.

WHEREFORE, plaintiff Middleton requests that the Court enter judgment in his favor against defendants Flagship Integration Services, Inc., Kim Flagstad and Michael Calumet, and enter an order awarding him his attorney's fee and the costs of this action.

　　　　　　　　　　　　　　　　　　　s/ Andrew H. Haber
　　　　　　　　　　　　　　　　　　　One of Plaintiff's Attorneys

　　　　　　　　　　　　　　　　　　　Andrew H. Haber
　　　　　　　　　　　　　　　　　　　Dennis R. Favaro
　　　　　　　　　　　　　　　　　　　Patrick J. Gorman
　　　　　　　　　　　　　　　　　　　Favaro & Gorman, Ltd.
　　　　　　　　　　　　　　　　　　　835 Sterling Avenue
　　　　　　　　　　　　　　　　　　　Suite 100
　　　　　　　　　　　　　　　　　　　Palatine, Illinois 60067
　　　　　　　　　　　　　　　　　　　(847) 934-0060

FAVARO & GORMAN, LTD.
ATTORNEYS AT LAW
Patrick J. Gorman     Scott D. Barber
Andrew H. Haber     John R. Buczyna
Patricia L. Jochum     Patrick T. Deane
Susan R. Bauer     Kenneth A. Runes

October 18, 2007

**Via Certified Mail – Return Receipt Requested & Regular Mail**

Mr. Michael Calumet
CFO
Flagship Integration Services, Inc.
3601 Algonquin Road
Suite 800
Rolling Meadows, Illinois 60008

    Re:     **Charles Middleton – Demand for Unpaid Compensation**

Dear Mr. Calumet:

    Please be advised that Charles Middleton has retained my firm to address the matter of unpaid compensation due and owing in the sum of $39,225.00.

    The Illinois Wage Payment and Collection Act ("Wage Act") (820 ILCS 115/1 *et seq.*) expressly provides an Illinois employee or former employee with a private right of action to pursue payment of accrued and unpaid "final compensation". The Act defines "final compensation" to include " ... any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties". Mr. Middleton contends that he is owed $25,260.00 as and for unpaid compensation, $575.20 in unpaid incurred expenses and $7,405.72 as unpaid bonus compensation.

    Section 13 of the Wage Act allows for a claim of personal liability to remain against any officer or agent of the employer who knowingly permits the employee to violate the Wage Act's provisions. Absent a timely response to this demand letter by Flagship Integration Services, Inc., Mr. Middleton reserves the right to seek to impose personal liability on the proper company official under the provisions of the Wage Act.

    Additionally, Mr. Middleton is owed $264.12 as and for unpaid loan advances. He is also seeking unfunded withholdings in the sum of $5,720.50 allocated for his 401(k) benefit plan.

    Should Mr. Middleton elect to initiate litigation to remedy his claims, he will seek to have Flagship Integration Services, Inc. pay him reasonable attorneys' fees and costs, as provided under the Illinois Attorneys' Fees and Wage Act (705 ILCS 225/1) which he expended and will expend to secure such relief. The Attorneys' Fees and Wage Act requires that Mr. Middleton provided an express, written demand for the payment to the

**EXHIBIT A**

Mr. Michael Calumet
October 18, 2007
Page 2

proper former employer in the amount sought at least three (3) days before any action is filed. The above-stated demand as referenced by the separate allocation of funds due and owing fulfills Mr. Middleton's statutory requirement in order to seek attorneys' fees under the Attorneys' Fees and Wage Act.

Additionally, Mr. Middleton has caused to be forwarded two requests to obtain copies of personnel file records in compliance with the Personnel Record Review Act, 820 ILCS 40/1 *et seq.*. An action will be filed in short order with the Department of Labor to compel compliance with the Act.

Mr. Middleton desires to resolve his claims without the need to initiate litigation. Please either contact or have counsel representing Flagship Integration Services, Inc. contact me within fourteen (14) days if you have any questions or comments or want to discuss matters raised in this correspondence. Otherwise, please forward the requested amounts and appropriate checks made payable to Charles Middleton and forward same to our Palatine office address.

Your cooperation and compliance is expected.

Sincerely,

Favaro & Gorman, Ltd.

Dennis R. Favaro

DRF/nm